## DAVID RYERSON v. THE STATE.

In a township where roads are worked by hire, any resident tax payer has a right, upon giving proper notice to the road overseer within whose district he resides, to pay the whole of the road tax by work, and this right is not taken away by the fact that the amount of his road tax is greater than the whole money required for or appropriated to the district in which he resides.

The *certiorari* in this case was brought to set aside a tax warrant issued against David Ryerson, by a justice of the peace, for a balance of *road tax* alleged to be due from him. The warrant was issued under the provisions of the tenth, eleventh, twelfth, thirteenth, and eighteenth sections of the " act concerning taxes," *Rev. Stat.* 1003, which provisions appear to have been complied with.

The *certiorari* was issued out of the Sussex circuit court, and is certified and sent up with a state of the case agreed on, for the opinion of this court.

The facts are these : The roads in Newton township were worked by *hire* in 1852.    The township was divided into a number of road districts.    Ryerson was an inhabitant of District No. 16.    The road tax assessed on the inhabitants of that district was six hundred and twelve dollars, of which one hundred and thirty dollars was assessed on Ryerson, reduced by commissioners of appeal to eighty dollars and twenty-three cents.    The amount authorized by the township committee to be expended on that district was one hundred and thirty dollars and eighty cents, *only a little more than one-fifth of the amount assessed upon the tax payers of the district.*

Mr. Ryerson insists he had a right, if he elected to do so, and gave notice to the overseer of highways for the district, as provided in the twenty-fifth section of the " act concerning roads," *Rev. Stat.* 515, *to work out the whole amount of the road tax assessed on him.*

He gave notice that he did so elect, and in pursuance of said notice, when legally notified during the year by the overseer, did send a substitute to work on said roads.    But

he was only called on to work out the amount of three dollars. The balance, seventy-seven dollars and twenty-three cents, was returned to the justice for collection, and for this sum the warrant complained of issued.

The case was argued by Mr. *Whelply,* for plaintiff in *certiorari,* and by Mr. *J. F. Randolph,* for defendant, before POTTS and HAINES, Justices.

POTTS, J.  The act concerning roads makes provision for two modes of keeping the highways of the several townships in repair, the inhabitants determining by a vote which mode they will adopt. *Rev. Stat.,* 527, § 37. One mode is by the *labor* of the inhabitants themselves. In that case the township committee divides the highways in the township into convenient districts, and assigns and apportions to the several districts, the inhabitants of such township, *in equitable proportions,* having regard *to the circumstances of such inhabitants* and *the quality of the highways to be opened, maintained, and kept in order;* and the overseers, at their discretion, apportion the labor of the inhabitants of the township *in the same proportion with the tax for the support of government,* and warn and call out the inhabitants to work accordingly; and if any one refuses or neglects to work accordingly, he is subjected to a forfeiture equal to the value of his labor. *Rev. Stat.,* 527, § 37, 38, 39.

The other mode is by *hire.* And in that case the inhabitants, at their annual town meetings, determine by vote what amount of money shall be raised in their townships respectively, for opening, making, working, and repairing of roads, and keeping them in order; and this sum is assessed upon the inhabitants, and collected under the provisions of the "act concerning taxes," and the supplements thereto. In that case the town committee divide the township into as many road districts as they see proper, assign the districts to the respective overseers; and by virtue of their general superintending power, determine and appoint *what proportion of the amount of money voted to be raised for*

*roads in the township shall be expended in each district.* Rev. Stat., 522, § 20, 22 ; Rev. Stat., 1023, § 11, 12.

Then the twenty-fifth section of the " act concerning roads," Rev. Stat., 524, provides, that if any person who is assessed for the raising of money to open, clear out, amend, and repair the highways, *elect to work out his tax or any part of it on the said highways*, he shall give notice to the overseer *in whose limits and division he resides*, &c., and shall attend by himself or a substitute at such time and place *as shall be appointed by said overseer*, and work *under the direction of such overseer*, for which he shall be credited such a sum towards the payment of the said tax as the said overseer *shall think his labor deserves*, &c., and if neither he nor his substitute shall attend at the time and place, he shall forfeit one dollar, &c., and shall, *upon such delinquency*, forthwith pay the whole or the residue, as the case may require, of the said tax to the collector, or on failure, be proceeded against for the same according to law.

The plaintiff in *certiorari* insists, that *having elected to work out his whole tax ;* having given notice to the overseer according to law ; having performed all the work assigned to him by the overseer ; and having been always ready to work out his *whole tax* as he had elected to do ; he is not chargeable with any *delinquency*, and cannot be compelled to pay any *residue* of tax which he has not been permitted to work out.

The defendant does not deny that Mr. Ryerson made the election, and gave the notice provided for by the statute, nor that he was always ready to work out his whole tax ; but he says, and very truly, that it was impossible for him to assign to Mr. Ryerson an amount of work equivalent to his tax, for the amount of road tax assessed on the inhabitants of his district was six hundred and twelve dollars, and the amount to be expended in the same district was only one hundred and thirty dollars and eighty cents ; that Mr. Ryerson's tax alone was over eighty dollars ; that other tax payers had the same right, and did elect to pay by work ; and that, therefore, he only allowed Mr. Ryerson to

Ryerson v. State.

work out three dollars of his tax, with which he credited him.

No doubt it was the intention of the legislature to impose upon the inhabitants of each township the burden of keeping the roads of their respective townships in repair; that the obligation was intended to be co-extensive with the limits of the township, and not to be circumscribed in case of each inhabitant by the limits of the road district in which he resided. But they have, nevertheless, expressly enacted in substance, that each tax payer may, at his election, work out his whole tax, and that if he does so elect, and gives notice, and holds himself ready to comply with this provision of the law, he cannot be called upon to pay in money what the law says he may pay in work. His delinquency, his failure to perform the labor assigned to him by the overseer, is made the condition upon which alone his tax can be collected. And it seems to follow, as an inevitable conclusion, that if the township committee of a township so arrange their road districts, and so apportion the taxes assessed among them, as that any inhabitant will be precluded from the right the law gives him to work out his tax, that such tax cannot be collected by process of law.

Originally the roads in New Jersey were worked by labor. The act of March 11, 1774, to be found in *Allison* 386, made no provision for working them in any other way. Subsequently several special laws were passed authorizing particular townships in the state to raise money for the purpose by taxation; and the next general law that was enacted on the subject of roads, in 1798, *Paterson* 325, and which is very much the same as our present act, repealed all the preceding laws on the subject, introduced *both modes*, and also incorporated in it the section which now stands as the twenty-fifth, with the view, no doubt, of enabling those who still preferred the *old* system to have, individually, the benefit of it, even though a majority of the people of the township in which they lived preferred the *new*.

Such a case as this has probably not occurred before, or at least has not been brought before this court for review.

The changes introduced by the late supplements to the tax law, will probably make such instances as this case presents common. A large part of the wealth of a township will often be found centered in a single district where but a very small portion of the road tax assessed will be required for the roads; and some change in the law may be required to meet the difficulty. But as the law now stands I see no way to reach it. The plaintiff in *certiorari* has done all the law required him to do; he is not a delinquent, and therefore not liable to the consequences of delinquency.

The proceedings below are not warranted by law, and must be reversed and set aside.

HAINES, J., concurred.